# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOEL M. SCHNARE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 07-0910-CV-W-FJG |
| ) | |
| UNUM LIFE INSURANCE COMPANY, ) | |
| OF AMERICAN, d/b/a FIRST UNUM ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is (1) Plaintiff's Motion for Summary Judgment (Doc. No. 20), and (2) Defendant's Motion for Summary Judgment (Doc. No. 18), together with the administrative record.

**I. BACKGROUND**[1]

Plaintiff Joel M. Schnare brought this action for long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff was an employee of New York Life Insurance Company from January 1, 2003 through the last week of May 2004. The New York Life Insurance Company welfare benefit plan is an employee qualified health plan governed by ERISA. Certain LTD benefits provided as part of the plan were funded through a group disability insurance policy ("the Policy") issued by defendant, UNUM Life Insurance Company of America ("Unum") to New York Life Insurance Company. Unum is also the claim administrator for the Policy and retains

---

[1] In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 n. 6 (8th Cir. 1996). Accordingly, all facts set forth in the Court's statement of facts will be taken from defendant's motion for summary judgment (Doc. No. 18) and defendant's suggestions in support (Doc. No. 19) unless otherwise specified.

discretion to determine eligibility for benefits and interpret provisions of the Policy.

Plaintiff Schnare was employed as an insurance agent for New York Life Insurance Company. Plaintiff filed a claim for LTD benefits because he claimed that certain physical conditions impeded him from performing his job, including problems with his spine and lumbar, headaches, fibromyalgia, loss of strength, and pain in his upper back, neck, and arm.

**A. The Policy**

The Policy defines "disabled" as being "limited from performing the material and substantial duties of your regular occupation due to your sickness or injury"; the employee has at least a 20% loss in his or her indexed monthly earnings due to the same sickness or injury; and, during the elimination period, the employee is "unable to perform any of the material and substantial duties" of his or her regular occupation. (AR 1654). The elimination period is the six-month period of continuous disability during which the claimant is unable to perform the material and substantial duties of the occupation. (AR 1654). The elimination period must be satisfied before a claimant is eligible to receive benefits. (AR 1654). The Policy further defines, "material and substantial duties" as those duties that "are normally required for the performance of your regular occupation" and "cannot be reasonably omitted or modified." (AR 1673).

**B. Initial Claim: May 25, 2004 Date of Disability**

On November 4, 2004 plaintiff Schnare filed a claim for LTD with Unum, in which he claimed a date of disability of May 25, 2004, due to conditions related to his spine and "Secondary Thoracic Lumbar Degenerative Disease and Fatigue." (AR 31). Unum reviewed various medical records submitted by plaintiff, along with Claimant's Supplemental Statement, in which plaintiff provided a detailed record of the hours he worked during his claimed period of disability from May 30, 2004, through November 10, 2004. Unum also had its own physician consult with plaintiff's attending physician regarding plaintiff's medical condition to determine whether the medical records supported the findings of a general decrease in functional capacity and plaintiff's diagnosis of

2

fibromyalgia.

On February 25, 2005, Unum informed the plaintiff that his claim was denied. Unum determined that plaintiff was not disabled within the meaning of the Policy because he was able to perform the material and substantial duties of his regular occupation, as he had worked for a total of fifty-three (53) days during the six-month elimination period.

Unum forwarded the claim to its appeals unit on April 26, 2005. Plaintiff submitted new medical records and evaluations for review, in addition to correspondence from New York Life regarding the nature of the employer-employee relationship. After reconsidering the claim on appeal, Unum affirmed denial of benefits, and informed plaintiff of the same in a letter sent to plaintiff on August 15, 2005. However, the same letter informed plaintiff that his file was being returned to the Benefits Center for evaluation of his eligibility for LTD benefits with a date of disability of November 11, 2004, since plaintiff reported he ceased working in any capacity on November 10, 2004.

**C. Review of November 11, 2004 Date of Disability**

On August 17, 2005 Unum requested additional information to evaluate plaintiff's claim as part of its review of the LTD claim based on the new date of disability of November 11, 2004. Unum requested the following information for the period of November 11, 2004, to the present: (1) all office visit notes, including diagnostics; (2) a completed Daily Activities Form; (3) a complete listing of all days which plaintiff worked in any capacity; (4) a detailed earnings report and copies of any pay stubs; and, (5) an explanation of what changed medically on November 11, 2004 that caused plaintiff to stop working on a part time basis.

Ongoing correspondence between the parties ensued after defendant's initial request for the new information, and continued throughout Unum's investigation of Schnare's claim. In response to repeated requests for the five pieces of information listed above, plaintiff's attorney supplemented Schnare's file on September 29, 2005, April 1, 2006, June 25, 2007, and July 2,

3

2007.  In these submissions, the plaintiff provided a sworn supplemental statement in which he indicated that he performed three hours of work in May and June 2005, a Daily Activity report, correspondence between plaintiff and New York Life, and medical records, statements and notes from numerous physicians which indicated the plaintiff suffered from conditions that caused a reduced functional capacity that restrained the plaintiff's ability to lift, sit, stand, and walk.  Unum's internal investigation of plaintiff's claim included evaluation of the new submissions, an in-person interview with Mr. Schnare on October 10, 2005, and correspondence with New York Life.

After its initial request of August 17, 2005, defendant sent a letter to plaintiff's counsel on March 6, 2006, reminding of the requested documentation that it had not yet received.  Specifically, Unum had not received: (1) all office visit notes including all diagnostics from November 2004 through the present date; (2)  a list of all days in which plaintiff worked in any capacity; (3) a detailed earnings report and any pay stubs; (4) an explanation of the medical change that occurred after November 11, 2004 that caused plaintiff to no longer work on a part time basis; and, (5) an Attending Physician's Statement with specific restrictions and limitations.   In response to this letter, plaintiff sent Unum the Attending Physician Statement, and a March 21, 2006, letter from New York Life to plaintiff that approved plaintiff under a medical exception to waive his commission requirements for participating in the Agent Group Plan for 2006.[2]

On July 24, 2006, Unum received a letter from plaintiff's counsel requesting a decision on the claim.  On August 4, 2006, Unum sent a letter in response, and referenced the previous requests for information made in its letters dated March 6, 2006, and August 17, 2005.  A subsequent round of letters to the same effect occurred on October 12, 2006.

On April 30, 2007, plaintiff's counsel sent a letter to the defendant indicating it was "obtaining considerable material" in support of plaintiff's claim and anticipated that all documents would be submitted within ninety (90) days. (AR 689).  The letter requested that Unum keep the

---

[2]The Agent Group Plan is not at issue.

4

record and claim open until plaintiff's counsel advised Unum that the claim file was complete.

Plaintiff submitted new medical information to Unum on or around June 25, 2007, including Residual Functional Capacity Forms prepared by two different physicians, and physician letters, notes, reports and scans that included evaluation and diagnoses of the plaintiff's conditions. Plaintiff's counsel's letter stated the accompanying submissions "completes the record" and, therefore, the plaintiff awaited Unum's decision on his claim.

Defendant sent a fourth request to plaintiff on July 24, 2007, for (1) a complete listing of all days which plaintiff worked in any capacity from November 11, 2004 to present, and, (2) a detailed earnings report from November 11, 2004 to the present, as well as any pay stubs, as this information was not included in the most recent submission.

In a letter to Unum dated December 13, 2007, plaintiff's counsel stated that "[p]laintiff did not work at all after November 11, 2004 because his symptoms were more severe." (AR 1682). Plaintiff's counsel reiterated that Unum had been provided with all the medical records and that the record was complete. Plaintiff filed a complaint with this Court against defendants on December 13, 2007, seeking benefits under the Unum group LTD Policy.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

5

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

### III. ERISA STANDARD OF REVIEW

A court reviewing an ERISA plan administrator's decision denying benefits should apply a de novo standard of review unless the plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If a plan gives the administrator discretionary authority, then a court should review a plan administrator's decision only for abuse of discretion. Id. at 115; Wakkinen v. UNUM Life Ins. Co. of America, 531 F.3d 575,

6

580 (8th Cir. 2008). The parties here do not dispute that the Plan gives the Plan Administrator discretionary authority to interpret or construe the Plan terms.

Under the abuse-of-discretion standard, a court applies a deferential standard of review to an administrator's plan interpretation and fact-based eligibility determinations. See Donaho v. FMC Corporation, 74 F.3d 894, 898 (8th Cir. 1996) (abrogated on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003)). The deferential standard does not allow a reviewing court to reject an administrator's discretionary decision simply because the court disagrees. Id. The proper inquiry is "whether the plan administrator's decision was reasonable; i.e., supported by substantial evidence." Donaho, 74 F.3d at 899. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924 (8th Cir. 2004). A court will affirm an administrator's reasonable interpretation of a plan. Cox v. Mid-America Dairymen, Inc., 13 F.3d 272, 274 (8th Cir. 1993); Finley v. Special Agents Mut. Benefit Ass'n, Inc., 957 F.2d 617, 621 (8th Cir. 1992).

To properly apply the deferential standard of review, "a reviewing court must be provided the rationale underlying the trustee's discretionary decision." Cox, 965 F.2d at 574. A court's decision as to whether a plan administrator abused his or her discretion must be based on facts known to the administrator at the time the benefits claim decision was made. Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 641 (8th Cir. 1997); Collins v. Central States, Southeast and Southwest Areas Health & Welfare Fund, 18 F.3d 556, 560 (8th Cir. 1994). When applying the arbitrary and capricious standard of review, the Court only considers evidence that is part of the administrative record. See Barnhart v. UNUM Life Ins. Co. of America, 179 F.3d 583, 590 (8th Cir. 1999); Layes v. Mead Corp.,

7

132 F.3d 1246, 1251 (8th Cir. 1998). The court cannot substitute its own weighing of the conflicting evidence for that of the plan administrator. Cash, 107 F.3d at 641; Cox, 965 F.2d 569, 573 (8th Cir. 1992).

## IV. DISCUSSION

Each party has moved for summary judgment. Plaintiff argues in its Motion for Summary Judgment that the denial of LTD benefits was based on fabricated job requirements (Doc. No. 20). Defendant argues in its Motion for Summary Judgment that plaintiff has failed to exhaust his administrative remedies. (Doc. No. 18). Each is discussed in turn below.

### A. Plaintiff's Motion for Summary Judgment

Plaintiff challenges Unum's denial of LTD by arguing that defendant abused its discretion by failing to consider the actual requirements of Schnare's job as a New York Life Insurance agent and, "made an incorrect decision based on speculation regarding the job duties of Schnare." (Doc. No. 20). Thus, issue is whether Unum considered the actual requirements of plaintiff's job duties in determining plaintiff was not disabled within the meaning of the Policy.[3] The Unum LTD Policy, as stated in the denial letter, defines disability as follows:

> You are disabled when Unum determines that:
> - You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury; and
> - during the elimination period, you are unable to perform any of the material and substantial duties of your regular occupation.

---

[3]The Court construes plaintiff's argument to pertain exclusively to the denial of LTD benefits arising from the May 25, 2004 date of disability, as no decision has been rendered in connection with the date of disability of November 11, 2004.

8

(AR 1653-54). Unum determined the material and substantial duties of Schnare's occupation as an insurance sales agent are that he:

- Compiles list of prospective clients;
- Contacts prospective clients and explains features and merits of policies offered;
- Calculates and quotes premiums;
- Calls on policyholders to deliver and explain policy

(AR 1654). In denying Schnare LTD benefits, Unum found he was not disabled within the meaning of the policy because he worked for a total of fifty-three (53) days during the elimination period of June 2, 2004 through November 10, 2004. Thus, by working he performed the material and substantial duties of his regular occupation and did not meet the disability requirements of the Policy.

Plaintiff argues the aforementioned job duties are, "not the actual requirements of Schnare's job as a New York Life Insurance agent." (Doc. No. 21). Instead, plaintiff argues, defendant should have based its decision on the duties stated in the Agent Contract (i.e. employment contract) with New York Life Insurance Company. Plaintiff argues the Agent Contract does not include the job duties as described above, but instead only requires that its agents produce insurance business and obey company rules. In other words, the Agent Contract does not include a job description that sets forth the detailed occupational duties of an agent and therefore, the denial should not be based on any duties that are not part of his regular occupation. Finally, plaintiff argues that the record does not show that Schnare produced any sales during the elimination period, and accordingly, if Schnare failed to produce because of health reasons, his disability claim should have been approved.

9

The Court rejects plaintiff's argument as it is based upon evidence that is not part of the administrative record. Plaintiff's argument is based on the Agent Contract between Schnare and New York Life Insurance Company, and the purported absence of any specific duties in the Agent Contract. The Agent Contract is not part of the administrative record, and, therefore, the Court may not consider such evidence in its review. See Barnhart v. UNUM Life Ins. Co. of America, 179 F.3d 583, 590 (8th Cir. 1999) (affirming district court's decision to exclude information not before the administrator at summary judgment stage of review). However, even if the Court were to consider the Agent Contract, the Court can find no inconsistency between the occupational duties upon which the denial was based, and the employment contract between Schnare and New York Life Insurance Company.

Because plaintiff's argument is based on information outside of the administrative record, plaintiff's Motion for Summary Judgment is **DENIED**.

### B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Unum, argues it is entitled to judgment as a matter of law because plaintiff has not met the requirement that he exhaust his administrative remedies. Specifically, with regard to the claim arising from the date of disability of November 11, 2004, defendant argues it did not have the necessary information to make a reasoned and informed decision on plaintiff's claim for LTD benefits. Therefore, plaintiff has not exhausted the available administrative remedies under the benefit plan, prior to filing the claim with this Court.

Plaintiff counters that defendant has exceeded the statutory time period allowed for Unum to render a decision. On August 15, 2005, Unum informed plaintiff that its Benefits Center would determine eligibility for LTD with a date of disability of November 11, 2004,

10

and as of December 13, 2007 the defendant had not rendered a decision on plaintiff's claim. Plaintiff argues 29 C.F.R. § 2560.503-1 requires a benefits decision on a LTD claim be made within a maximum period of 180 days, and since Unum did not decide Schnare's claim within this time, the Court should deem Schnare to have exhausted his administrative remedies.

Thus, the issues before the Court are (1) whether plaintiff has exhausted his administrative remedies, and if not, (2) whether plaintiff should be 'deemed to have exhausted' his administrative remedies under the corresponding statutory provisions.

### 1. Exhaustion of Administrative Remedies

Unum argues plaintiff prematurely filed suit in federal court because he had not exhausted the administrative remedies available under the Policy.

Plaintiffs may not properly bring ERISA § 502(a)(2) claims if they do not first exhaust their administrative remedies. See Burds v. Union Pacific Corp., 223 F.3d 814, 817 (8th Cir. 2000)). ERISA requires a claimant to exhaust the appeal procedure under the plan before the claimant may file a claim in court. Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 70 (8th Cir. 1997). Accordingly, courts consistently impose an exhaustion requirement when the claimant has notice, and when there is no showing that exhaustion would be futile. Wert v. Liberty Life Assur. Co. of Boston, 447 F.3d 1060, 1065 (8th Cir. 2006).

Consistent with this procedural requirement, the Unum Policy includes an internal appeal process that entails a review by someone different from the person who made the initial determination. The Policy states, "[u]nless there are special circumstances, this administrative appeal process must be completed before you begin any legal action

**11**

regarding your claim." (AR 1670). Thus, Unum would have had to render a decision, and Schnare have appealed that decision in order for plaintiff to have exhausted the internal administrative remedies available.

At this point, it is necessary to distinguish the plaintiff's two claims, which arise from different dates of disability. Plaintiff's original claim was filed on November 4, 2004, in connection with a date of disability of May 25, 2004. Unum denied plaintiff LTD benefits on February 25, 2005. The denial letter stated, "[b]ecause you worked a total of 53 days from 6/2/04 to 11/10/04, which is during the 6 month elimination period and performed the material and substantial duties of your occupation, we regret that no benefits are payable for this claim." (AR 454). The appeal began on April 26, 2005, and Unum's appeals unit affirmed the denial on August 15, 2005. Thus, as to the original claim with a May 25, 2005 date of disability, Schnare properly filed suit in federal court because he exhausted his administrative remedies to no avail.

Under the controlling precedent outlined in Section III of this Order, the administrator's decision to deny benefits will only be disturbed if the denial constituted an abuse of discretion. The Court finds Unum's decision to deny benefits for the original claim is supported by substantial evidence in the record that Schnare in fact worked during the elimination period, and was not "disabled" within the meaning of the policy. Importantly, plaintiff does not dispute that Schnare worked 53 days during the elimination period. Thus, denial of benefits for the original claim arising from the May 25, 2004, date of disability will not be disturbed, and is hereby **AFFIRMED**.

Whether plaintiff exhausted his administrative remedies for the claim arising from the November 11, 2004, date of disability (hereafter, "second claim") is another matter.

Plaintiff filed suit because defendant had begun reviewing the second claim on August 25, 2005, and had not yet rendered a decision as of the date of filing this suit, on December 13, 2007. Therefore, there is no decision for the Court to review, and from a strictly procedural standpoint, plaintiff has not exhausted his administrative remedies.

### 2. Whether Plaintiff Should be 'Deemed to have Exhausted' His Remedies

The Court's inquiry continues on to the question of whether Schnare should be 'deemed to have exhausted' the available administrative remedies. It is undisputed that Unum has not rendered a decision on plaintiff's second claim.

Plaintiff argues the undue delay deprived Schnare of a full and fair review of his claim, as required by ERISA. Plaintiff states 29 C.F.R § 2560.501-1 allows a maximum of 180 days for an administrator to decide a claim; thus, since review of the second claim began on August 15, 2005, a decision was due on or about February 15, 2006. Plaintiff relies on Booth v. Hartford Life & Accident Insurance Company of America, in which the court deemed Booth's claim as exhausted where the administrator failed to provide written notification of denial. 2009 WL 652198 (D. Conn. 2009). The court explained the statutory remedy, stating, "if a plan's claims procedure is not 'consistent with the requirements of' 29 C.F.R. § 2560.503-1, the 'claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under [29 U.S.C. § 1132] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.'" Id. at *3, (citing 29 C.F.R. § 2560.503-1).

The Court acknowledges that where a plan fails to, "follow claims procedures consistent with the requirements of [section 29 C.F.R. § 2560.503-1(l)], a claimant shall be

**13**

deemed to have exhausted the administrative remedies available under the plan." [4] 29 C.F.R. § 2560.501(l). The Court further acknowledges the claim review procedure in the instant case has taken longer than what may ordinarily be permissible. However, the administrative record demonstrates the plaintiff's failure to provide information that Unum requested when it began its review of the second claim, and plaintiff's own request to keep the claimant's file open, now precludes the Court from deeming plaintiff to have exhausted his administrative remedies. As explained in detail in section I(C) of this Order, Unum and plaintiff's counsel had virtually ongoing correspondence from the time the claim review began until plaintiff filed this suit. A cumulative review of the record leads to the conclusion that Unum's administration of the claim was reasonable under the circumstances.

Schnare failed to provide Unum with certain information that was necessary to decide his claim. On August 17, 2005, Unum notified Schnare by letter that it would begin review of his second claim, and accordingly, requested Schnare provide certain information. While plaintiff readily provided voluminous medical records and physician statements, he did not supply information relevant to whether he had worked and made earnings during the elimination period. As of July 24, 2007, plaintiff had not provided (1) a complete listing of all days he worked in any capacity on either a full or part-time basis

---

[4]There is no controlling case law in the Eighth Circuit on the application of this specific part of the statute. However, similarly situated plaintiffs have argued for the reviewing court to apply a less deferential standard of review where serious procedural irregularities have occurred. See Jobe v. Medical Life Ins. Co., 2008 U.S. Dist. LEXIS 55057 (W.D. Mo. 2008). The plaintiff in the instant case made no such argument. Notwithstanding, the Eight Circuit has made clear that a less deferential standard of review would only apply if the alleged procedural irregularity is so egregious that the court has a "total lack of faith in the integrity of the decision making process." Hillery v. Metro. Life Ins. Co., 453 F.3d 1087, 1091 (8th Cir. 2006) (citing Layes v. Mead Corp., 132 F.3d 1246, 1251 (8th Cir. 1998).

14

from November 11, 2004 (date of disability) to the present; and, (2) a detailed earnings report from November 11, 2004 to the present, as well as any pay stubs. (AR 1638). These two pieces of information were requested when the claim review commenced on August 17, 2005. The information was relevant because Schnare's supplemental statement indicated he worked for two hours on May 20, 2005, and on June 1, 2005 for one hour. In addition, New York Life Insurance Company provided Unum with information that indicated plaintiff worked to some extent in May 2005. Thus, in its review of the second claim, Unum needed plaintiff to provide updated and verifiable information as to the extent of, if any, work he performed during the elimination period.[5] Despite supplementing the record several times after August 2005, plaintiff did not to provide the requested information needed to make a reasoned and informed decision as to whether he was "disabled" under the policy during the elimination period.[6]

While administrators should not abuse statutory time frames by continuously requesting new information to extend the time to review the claim,[7] repeated requests for the same, relevant information is reasonable. Indeed, the statute accounts for the need of

---

[5]The Court also notes in a letter to Unum dated December 13, 2007, plaintiff's counsel stated, "Mr. Schnare did not work at all after 11-11-04." (AR 1682), which created a discrepancy with the indications that Schnare had worked to some extent during the elimination period.

[6]Verification of plaintiff's work and earnings gains importance when considering that plaintiff's original claim (May 25, 2004, date of disability) was denied on the basis that plaintiff worked, and was thus not "disabled" within the meaning of the Policy.

[7]See McDowell v. Standard Insurance Co., 555 F. Supp. 2d 1361 (N.D. Ga. 2008) (holding administrator misapplied tolling provision of ERISA by taking position that deadlines for claim determination were tolled as long as they continued to demand information from plaintiff that had already been provided by plaintiff directly, rather than through health providers).

15

claim administrators to obtain proper information from claimants, and time extensions may be adjusted as necessary. The statute provides, "[i]n the event that a period of time is extended as permitted pursuant to paragraph . . . (f)(3) [disability claims] of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information." 29 CFR 2560.503-1(f)(4). In this case, Unum requested information pertaining to hours worked and corresponding earnings in August 2005, but never received it, despite the repeated requests.

Next, the administrative review process was prolonged, in part, at plaintiff's own request that his claim file remain open to allow him to supplement information. As late as April 30, 2007, plaintiff's counsel sent a letter to Unum, which stated, "[w]e are obtaining considerable material in support of the above named client's [Schnare] claim for disability benefits. We anticipate that all documents will be submitted within 90 days, however, we request that you keep the record and claim open until we have advised you that the claim file is complete." (AR 689). On or about June 25, 2007, plaintiff's counsel provided twenty-four (24) additional documents to Unum, along with a letter that stated, "[t]his completes the record and we await you [*sic*] decision." (AR 692).

The administrative record demonstrates that both parties have played a role in prolonging the claim review process. It is clear that Unum requested specific information when it commenced review of the second claim and plaintiff did not provide it, and the record does not reveal Unum acted in bad faith in making repeated requests for the same information. As there is no claim decision for the Court to review, the Court finds that

16

remanding to the administrator for expedited review is appropriate in this case. See King v. Hartford Life and Accident Insurance Company, 414 F.3d 994, 1007 (8th Cir. 2005) (en banc) (discussing remedial powers under ERISA 29 U.S.C. § 1132(a)).  Remanding the claim allows the parties to complete the record and resolve any outstanding issues raised in defendant's motion for summary judgment. See Willcox v. Liberty Life Assurance Company of Boston, 552 F.3d 693, 699 (8th Cir. 2009) (affirming district court's decision to remand to allow administrator to consider expanded record).

The information Unum identified as missing pertains only to whether and to what extent Schnare worked during the elimination period.  Thus, the Court sees fit to limit the scope of Unum's review on remand to plaintiff's work and earnings during the elimination period for the second claim.[8]  In particular, Schnare shall produce: (1) a complete list of all days which plaintiff worked in any capacity during the elimination period, (2) a detailed earnings report (itemizing any first year commissions), as well as any pay stubs during the elimination period, and (3) plaintiff's tax returns for the years of 2004 and 2005.  In addition, Unum may see fit to request verification of Schnare's coverage under the Policy.

A review of this information in addition to the extensive medical record in this case undoubtedly creates sufficient information upon which Unum can make a reasoned decision.  Plaintiff shall produce the specified information to Unum within thirty (30) days of this Order, so as to allow Unum at least thirty (30) days to review the updated administrative record and issue a decision in compliance with this Order.  To ensure expedited review, the Court orders the parties to submit a status report on or by **January**

---

[8]Identified by defendant as being from November 11, 2004 through April 10, 2005. (AR 454).

17

**8, 2010**, which should include a final decision on the claim, and notice of any appeal.

## V. CONCLUSION

Accordingly, for the above stated reasons, it is ORDERED that:

1) Plaintiff's Motion for Summary Judgment (Doc. No. 20) is DENIED;

2) Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED IN PART, as it pertains to its denial of plaintiff's claim arising from the May 25, 2004 date of disability;

3) Defendant's Motion for Summary Judgment (Doc. No. 18) is DENIED IN PART, as it pertains to plaintiff's claim arising from the November 11, 2004 date of disability;

4) Plaintiff's claim is **REMANDED** to the Plan Administrator for further consideration as outlined in this Order;

5) Defendant **SHALL** complete its expedited review of plaintiff's claim and submit a status report to this Court on or by **January 8, 2010**.

**IT IS SO ORDERED**.

Date: 10/27/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge